IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DJUAN PRESTON WILLIAMS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. CIV-22-154-R |
| | ) |
| **SKF USA Inc., et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

Plaintiff, appearing *pro se* and having been granted leave to proceed without prepayment of fees, filed a Complaint seeking relief from SKF USA, Inc, Governor Kevin Stitt, and the governor of Kansas, Laura Kelly. (Doc. No. 1). His Complaint purports to raise claims under Title VII of the Civil Rights Act of 1964. Pursuant to the directive of 28 U.S.C. § 1915, the Court has reviewed the allegations of the Complaint. Of particular relevance is § 1915(e)(2), which provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-. . .
>    (B) the action or appeal-
>       (i) is frivolous or malicious;
>       (ii) fails to state a claim on which relief may be granted; or
>       (iii) seeks monetary relief against a defendant who is immune from such relief.

The Court is cognizant of *Haines v. Kerner*, 404 U.S. 519 (1972), and its requirement that the Court grant liberal construction to *pro se* filings. However, the Court is not required to assume facts in order to avoid dismissal of a complaint. *Hall v. Bellmon*, 935 F.2d 1106,

1109-10 (10th Cir. 1991). Applying these standards, the Court finds the Complaint must be dismissed pursuant to § 1915(e)(2)(B)(ii).

Plaintiff's "Statement of Claim" reads:

> Plaintiff filed case with the State of Kansas against Defendant because of being dismissed without prejudice, with complete disregard to the facts of the case, that was ruled on 08/09.2021. It is my [opinion] and belief per the specifics of the case the ruling on the case were racially biased to prevent justice in the matter.

Doc. No. 1, p. 4. The allegations do not identify which Defendant he is referencing in this paragraph, nor does he establish a basis for seeking relief in a new case in Oklahoma because the court in Kansas dismissed his action.[1] The Complaint fails to allege any claim against any Defendant or to explain why this matter is brought here when the wrong allegedly occurred in Kansas. In short, Plaintiff fails to state a claim on which relief can be granted.

For the reasons set forth herein, the Court finds that Plaintiff's Complaint fails to state a claim on which relief can be granted. Accordingly, pursuant to the provision of 28 U.S.C. § 1915(e)(2)(B)(ii) the Complaint is DISMISSED without prejudice. Judgment shall be entered accordingly.

**IT IS SO ORDERED** this 5th day of May 2022.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that Mr. Williams previously pursued a Title VII claim against Defendant SKF USA, Inc., and was unsuccessful at trial. See *Williams v. SKF USA, Inc.*, Case No. 16-112-F.